UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOSE F. OLIVARES

    Plaintiff,

v.

C.R. ENGLAND, INC. and
PERFORMANCE CONTRACTING
GROUP, INC.,

    Defendants.

Hon. _____
Civil Action No. _____

Removed from:
Wayne County Circuit Court
Case No. 21-004939-CZ
Hon. Timothy M. Kenny

| | |
|---|---|
| Jose F. Olivares<br>2581 International Dr. 1220C<br>Ypsilanti, MI 48197<br>Plaintiff *in Pro Per* | JACKSON LEWIS P.C.<br>Katherine J. Van Dyke (P62806)<br>Franceska N. Edinger (P84629)<br>2000 Town Center, Suite 1650<br>Southfield, Michigan 48075<br>(248) 936-1900<br>Katherine.vandyke@jacksonlewis.com<br>Franceska.edinger@jacksonlewis.com<br>Attorneys for Defendant C.R. England |

## DEFENDANT C.R. ENGLAND, INC.'S NOTICE OF REMOVAL

TO:    Clerk of the Court    Jose F. Olivares
        Wayne County Circuit Court  2581 International Dr. 1220C
        2 Woodward Ave.         Ypsilanti, MI 48197
        Detroit, MI 48226        Plaintiff *in Pro Per*

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant C.R. England, Inc.

("Defendant" or "Defendant C.R. England") removes this action from the Wayne

County Circuit Court in the State of Michigan, where it is now pending, to the United

States District Court for the Eastern District of Michigan.  In support of this Notice

of Removal, Defendant states as follows:

## I.   OVERVIEW

1.      This case is removable to the United States District Court because: (a) the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) there is diversity of citizenship as Plaintiff and Defendants are citizens of different states.

2.      Specifically, upon information and belief, Plaintiff is a citizen of Michigan. (Ex. 1, Complaint at ¶ 1.)

3.      Defendant C.R. England is incorporated in Utah, with its principal place of business in Salt Lake City, Utah.

4.      Defendant Performance Consulting Group ("PCG") is incorporated in Kansas, with its principal place of business in Lenexa, Kansas.

5.      Accordingly, removal is appropriate, based on diversity jurisdiction, under 28 U.S.C. § 1332.

6.      This Notice of Removal is timely filed under 28 U.S.C. § 1446.

## II.   SERVICE OF THE COMPLAINT AND SUMMONS

7.      On April 19, 2021, Plaintiff filed his Complaint asserting retaliatory discharge in violation of the Workers Disability Compensation Act and a claim for intentional infliction of emotional distress in the Wayne County Circuit Court, State of Michigan (Case No. 21-004939-CZ, Hon. Timothy Kenny).  On the same day, the

Wayne County Circuit Court issued a Summons. (*See* Ex. 1, Complaint & Summons.)

8.    On April 22, 2021, Defendant was served with the Summons and Complaint by certified mail.

9.    A copy of the Summons and Complaint attached as Exhibit 1 constitute all process, pleadings, and orders to date in the matter pending in state court.

### III.  STATEMENT OF GROUNDS FOR REMOVAL

10.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11.    28 U.S.C. § 1332(a) grants subject matter jurisdiction in the United States District Courts for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."

12.    This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because: (a) the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) Plaintiff and Defendants are citizens of different states.

## IV.  AMOUNT IN CONTROVERSY

13.     Although Plaintiff's Complaint does not expressly seek an amount in excess of $75,000, Defendant has a good faith belief based on the allegations of Plaintiff's Complaint and prevailing case law that the amount in controversy is in excess of this Court's jurisdictional amount of $75,000. (*See* 28 U.S.C. § 1332(a).)

14.     In the Sixth Circuit, where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more likely than not that plaintiff's claim exceeds the jurisdictional minimum. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Klepper v. First Am. Bank,* 916 F.2d 337, 340 (6th Cir. 1990).

15.     Here, it is more likely than not that the amount in controversy exceeds $75,000 because the prayer for relief in Plaintiff's Complaint seeks 250 weeks of lost wages, "actual damages for CR England's willful and wanton violation of MCL 418.301(13)," and emotional distress damages. (*See* Ex. 1, Complaint ¶¶ 7, 20, 22 & p. 10.)[1]

16.     During his employment, Plaintiff earned $112.00 per day. Assuming that he would have worked five-day weeks for 250 weeks, Plaintiff's total alleged

---

[1] The potential amount of damages discussed herein is included for the sole purpose of establishing the potential amount in controversy if Plaintiff were successful in proving his allegations. Defendant does not, in any way, admit to liability or concede that Plaintiff is entitled to any damages as a result of the alleged conduct. Indeed, Defendant denies that it engaged in any unlawful conduct or violated any laws with respect to Plaintiff, or that Plaintiff is otherwise entitled to any relief whatsoever.

wage loss is $140,000.

17.    Plaintiff's claim of entitlement to unspecified compensatory and emotional distress damages also satisfies the $75,000 threshold.  *See, e.g., Kennard v. Harris Corp.*, 728 F. Supp. 453, 454-55 (E.D. Mich. 1989) (denying motion to remand where plaintiff sought in excess of $10,000, interest, costs, mental anguish, pain and suffering, and extreme humiliation and embarrassment).

18.    Thus, Defendant C.R. England believes—in good faith—that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

## V.    DIVERSITY OF CITIZENSHIP

19.    Upon information and belief, at the time that Plaintiff filed his lawsuit and through the current date, Plaintiff was and is an individual who resides in Washtenaw County, State of Michigan.  (Ex. 1, Complaint at ¶ 1.)

20.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  . . .  We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1185-86 (2010).

21.    Defendant C.R. England is a for-profit corporation incorporated under

the laws of Utah with its principal place of business in Salt Lake City, Utah. Thus, Defendant C.R. England is a citizen of Utah, not Michigan.  Thus, complete diversity exists between Plaintiff and Defendant C.R. England.

22.     Defendant PCG is a for-profit corporation incorporated under the laws of Kansas with its principal place of business in Lenexa, Kansas. Thus, Defendant PCG is a citizen of Kansas, not Michigan or Utah.  Thus, complete diversity exists between Plaintiff, Defendant C.R. England, and Defendant PCG.

## VI.  VENUE

23.     Venue lies in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441 because the state action was filed in the County of Saginaw, State of Michigan. (*See* Ex. 1, Complaint.)

## VII.  REMOVAL

24.     The prerequisites for removal under 28 U.S.C. §§ 1441 have been met.

25.     This action is, thus, properly removable under 28 U.S.C. § 1441(a)-(b) because the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

26.     Pursuant to 28 U.S.C. § 1446(b)(3), Defendant files this Notice of Removal within thirty days after it received notice of the Summons and Complaint.

27.     Defendant has not filed an answer or other responsive pleading in the state court action.

6

28.     Defendant has paid or will pay the filing fees prescribed by this Court's rules.

29.     This Notice of Removal is being served upon Plaintiff by mail and e-mail, and a copy of the Notice of Removal is being filed with the Clerk of the Saginaw County Circuit Court pursuant to 28 U.S.C. § 1446(d).

## VIII.  NO WAIVER

30.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has asserted a claim upon which relief can be granted.

WHEREFORE, Defendant C.R. England respectfully requests that the United States District Court for the Eastern District of Michigan accept jurisdiction of this action and place this action upon the docket of this Court for further proceedings as if this case had been originally instituted in this Court.

Respectfully submitted,
JACKSON LEWIS P.C.

/s/ Franceska N. Edinger
Katherine J. Van Dyke (P62806)
Franceska N. Edinger (P84629)
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
Katherine.vandyke@jacksonlewis.com
Franceska.edinger@jacksonlewis.com
Attorneys for Defendant C.R. England

Dated:  May 18, 2021

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on May 18, 2021 by:

☐ Hand Delivery          √ U. S. Mail
√ E-mail/ECF             ☐ FAX

/s/ Franceska N. Edinger
Franceska N. Edinger (P84629)

4832-1906-2761

# EXHIBIT 1

Case 2:22-cv-00123-JNP    Document 1    Filed 05/18/21    PageID.9    Page 9 of 21

Approved, SCAO

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-004939-CZ<br>Hon.Timothy M. Kenny |
|---|---|---|

Original - Court · Original - Court · 2nd Copy - Plaintiff
1st Copy- Defendant · 3rd Copy -Return

Court address : 2 Woodward Ave., Detroit MI 48226 · Court telephone no.: 313-224-5430

**Plaintiff's name(s), address(es), and telephone no(s)**
Olivares, Jose F

v

**Defendant's name(s), address(es), and telephone no(s).**
CR ENGLAND
CSC LAWYERS INCORPORATING SVC.
2900 WEST ROAD STE 500
EAST LANSING, MI 48823
REGISTERED AGENT FOR DEFENDANT

**Plaintiff's attorney, bar no., address, and telephone no**

Jose F Olivares
2581 International Dr. 1220C
Ypsilantri, MI 48197

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

## SUMMONS

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/19/2021 | Expiration date*<br>7/19/2021 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19) · **SUMMONS** · MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



SUMMONS
Case No. : **21-004939-CZ**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:    (notarization required) |

☐ I served personally a copy of the summons and complaint.

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _Complaint, Summons, Proof of Service - via Certified Mail_
List all documents served with the Summons and Complaint
_7016 3010 0000 7776 2755   RR# 9590 9402 4501 8278 0460 72_
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| CR ENGLAND | 2900 West Rd # 500, East Lansing MICHIGAN 48823 | 4/20/2021 |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

By _____ Signature

Kelly A. Carpenter
Name (type or print)

Witness
Title

| Service fee $ | Miles traveled $ | Fee $ |
|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ |

Subscribed and sworn to before me on  4/19/2021 , Washtenaw County, Michigan.
                                         Date

My commission expires: 7/21/2023      Signature: _____ Deputy court clerk/Notary public
                        Date

Notary public, State of Michigan, County of  WASHTENAW

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments

_____ on _____
                              Day, date, time

on behalf of _____

IN THE 3rd CIRCUIT COURT
FOR WAYNE COUNTY MI

JOSE F. OLIVARES
  Plaintiff


v                                                           Case no. 21          CZ


CR ENGLAND                                          The Honorable
PERFORMANCE CONTRACTING GROUP
  Defendants


   There has been no other action or litigation between these parties arising out of
the same  transaction or occurrence.


   I, Jose F. Olivares verify this pleading meets the requirements of MCL 600.8031

---

Jose F. Olivares, in pro se litigant
2581 International Dr. 1220C
Ypsilanti, MI. 48197

---

## **COMPLAINT UNDER MCL 418.301(13)**
### **JURY DEMAND**

   Now comes Jose Olivares, Plaintiff and says;


## **CLAIM 1**


Wrongful termination after reporting a workplace injury as a shin injury to the right

and aggravation of a pre existing condition by workplace work.

1

## CLAIM II

Performance Contracting Group is now liable for CR England or any other

Trucking Companies training to transition Plaintiff back into the workplace by

performing 250 weeks of reasonable employments, as Plaintiff has not received

wage loss benefits to date, being under MCL 418.301(5), now MCL 418.301(9).

The 2000 order is a public document maintained by the Michigan Worker's

Compensation Agency an act performed in compliance with the law and not in

Plaintiff's possession.

## CLAIM III

Due to Defendant CR England's antics through their Employees, Plaintiff suffers

emotional distress, which has resulted in left shoulder pain, and dysfunction, loss

of appetite, as well as sleep apnea. Plaintiff believes this is due to CR England

employee's outrageous conduct, which has been reckless and intentional as the

cause for Plaintiff's symptology, which displays severe emotional distress as a

result.

## STATEMENT OF FACTS
## AFFIDAVIT OF JOSE F. OLIVARES

I, Jose F. Olivares, verify and affirm that all the statements contained herein are

2

true and correct based upon information, personal knowledge and belief and if called as a witness would testify competently as follows.

1. Jose F. Olivares is the Plaintiff and resides at 2581 International Dr. 1220C Ypsilanti, MI. 38197 and hold a Michigan CDL license, and am under no contract for hire. I was induced to train for CR England under a guarantee of hire, in MI.

2. Melissa Perkins is the named is the Supervisor, for CR England in Marion Indiana, who retaliatory terminated Plaintiff's training after Plaintiff reported two Workplace injuries.

3. Mike (last name unknown is a dispatch operator) for CR England in Marion Indiana as named and performed an unauthorized driving test to which was a basis for unlawful termination. Plaintiff had previously informed Mike that he suffered a contusion to the right leg because Walter had shoved a roll cart hitting his leg and that Plaintiff suffered aggravation to his left shoulder also after performing overhead work. To which on pre employment physical Plaintiff was able to lift 50 pounds over his head three times. Plaintiff stated this in front of Walter at 2:00 P.M on Sunday April 11th 2021, upon returning to the the Marion Indiana facility. There is a different address to the dispatch office which is in the same area as 5575 Dollar General Way Marion Indiana.

3

4. Jasheed is a mentor at the Dollar General Fresh 3569 International Park Dr. SE Atlanta Georgia location. Jasheed attempted to cause Plaintiff to have an accident while backing up at the Georgia facility on April   , 2021, at about 9:00 A.M.

5. Willie Johnson is a mentor at the Dollar General  Fresh located at 3569 International  Park Dr. SE Atlanta Georgia facility. Willie initially told Plaintiff that his driving was very good, and that he could back up, in communicating with some unidentified person over the phone, while in the tractor. To which Willie asserted was Plaintiff's supervisor and that he always let trainee's hear his unvarnished opinions.

Then Willie's story changed, after Plaintiff had worked 12 hours and was driving back to the Atlanta facility, as not ready to drive the dollar general route and should perform over the road driving first, in unlawful interference with Plaintiff's understanding of performing the dollar general route in Michigan.

6. Walter Steward is a Mentor out of Marion Indiana.  Walter also stated that Plaintiff drove very well. But on Sunday April 11th 2021, at a pick up  location in Indianapolis Indiana, Walter attempted to have Plaintiff perform a drivers side turn into the dollar store at that location, while traffic was slowing down in front of

4

Plaintiff. Plaintiff did not turn which upset Walter and led to Plaintiff's unlawful termination as a result. Plaintiff had previously informed Walter that his left had become aggravated while performing overhead work in removing toppers from the trailer.

7.  Performance Contracting Group is a named Defendant out of Lenexa Ks, who owes Plaintiff 250 weeks of reasonable employments to which any other Employer may provide and charge Performance Contracting Group for so doing.

8.  Commencing March 2001 and ending on April 14th 2001  Plaintiff accepted an offer to be trained, in order to return to regular employments, as a commercial truck driver, by CR England.

9.  Plaintiff attended orientation, received two debit cards for fuel for tractor, and payment for work. Plaintiff was then sent to Atlanta Georgia, to undergo training as to CR Englands methods of driving and delivery.

10.  The first Mentor  Jasheed, attempted to create an accident by directing Plaintiff to back up  in a dock to which there are two metal yellow poled. Plaintiff stopped and pulled up not seeing the drivers side metal pole and corrected to back up,.

11.  Jasheed then sent Plaintiff to Willie Johnson, who did not allow Plaintiff to drive and Plaintiff only drove two hours after working 12 hours and after nightfall.

5

Willie Johnson made some derogatory remarks and Plaintiff ceased with Georgia, as being promised a route in Michigan, Indiana, Ohio, Wisconsin and Kentucky for Dollar General Store deliveries.

12. Plaintiff then commenced training with the Dollar General at 5527 Dollar General Way in Marion Indiana with Walter Steward on or about Friday the 9th of April and worked until Sunday the 11th of April. As Plaintiff was turning into the Dollar General Store in a mall setting, with a Mexican Store and Chinese Restaurant, Walter instructed Plaintiff to make a driver's side turn into oncoming traffic to which Plaintiff refused to perform as not safe. Plaintiff was loading roll carts at a dollar general in Indianapolis, on Sunday April 11th 2021 at 1.00 P.M. when Plaintiff's right leg was hit by a roll cart that Walter was pushing into the trailer. Plaintiff immediately reported this to Walter Steward as a workplace injury,

13. Plaintiff then went home that Monday, and returned on Tuesday and was given a driving test by Mike unknown last name. April 13th 2021 at about 10:00 A.M. Plaintiff was not made the active driver and was told to go out of exit 264 to exit 261, to which Mike then issued could not control the wheel statement, to which Plaintiff then signed.

6

14. By CR England protocols, their tractor's have radar that buzzes when a driver goes over any of the road lines while driving signaling loss of wheel control. Said loss is recorded as to the active driver.

15. Mike did not follow protocols and made the determination in violation of CR Englantd's own internal protocols. Plaintiff had also reported that a prior medical condition to the left shoulder had been aggravated , to both Jasheed and Willie Johnson, as Plaintiff had been performing lifting at the moment Plaintiff was hit by the roll cart, and after strenuous freezer depalletizing and loading onto U carts for delivery, in Atlanta. Plaintiff was then terminated by Mellissa Perkins after reporting said injuries directly to her, and then Mike came in and she recited that two previous mentors had stated Plaintiff is unsafe as well as Walter to which Plaintiff was training. Wednesday April 14th 2021 at 10:00 A.M.

16. Plaintiff then went to Emergency medical care at St. Joseph's Hospital located at 5301 McAuley Dr. Ypsilanti, MI. 48197 at approximately 11:00 P.M, on Thursday April 15th 2021, where swelling was noted, and X rays appeared normal.

17. Plaintiff has aggravated a prior medical condition in his left shoulder that has not been diagnosed and does not have a degenerative shoulder as never medically diagnosed. Charles Williams with Performance Contracting Group would not

7

provide Plaintiff's actual diagnosis after surgery in 1999 before the Honorable Rex

Reed in Kosciusko County In. By 2008 X rays tendered Plaintiff believes he

underwent a coracoid fixation, based upon Dr. Schuler's palpation of his left

shoulder on May 5th 1998, stating "tender over the coracoid."

18. Plaintiff was wrongfully terminated because he made a claim for medical care

based upon a previously undiagnosed pre existing condition, to which a void ab

initio order issued in 2005 as a degenerative shoulder.  Plaintiff was never

diagnosed with arthritis in the first place.

19. Plaintiff aggravated said pre existing medical condition which now requires

medical care and said aggravation may be permanent.

20. Any other Employer can provide reasonable employments, such as CR

England's guaranteed training, to which there is no contract for hire, by

compensation law, to which Performance Contracting Group would be liable for

paying for up to 250 weeks as Plaintiff is still under MCL 418.301(5), now MCL

418.301(9).

21. By Statute this Court cannot enforce employments. However this Court can

enforce payment for providing 250 weeks of reasonable employments, by any

8

other Employer as to Performance Contracting Group/Performance Abatement Services liability and duty under MCL 418.301(9).

22. Plaintiff has a right to actual damages for CR England's wilful and wanton violation of MCL 418.301(13), for loss of training in not providing reasonable medical care, to transition into regular employments being the public policy in MI. As our Supreme Court has said "we focus on ABILITY and not DISABILITY."

Affiant further sayeth not                          April 19th 2021
                                                                DATED

/s Jose F. Olivares
   Jose F. Olivares,
   AFFIANT

## SERVICE AS TO PARTIES

CR England and it's Employees, Melissa Perkins, Walter Steward, Mike, (unknown last name) Willie Johnson, Jasheed, can be served by serving their registered agent is EIN No. 87-0257969 CT Corporation System address 1200 South Pine Island Road. Plantation, Fl. 33324 Performance Contracting Groups registered agent is National Registered Agents Inc. 40600 Ann Arbor Rd. E. Ste 201. Plymouth MI. 48170, or 11145 Thompson Ave. Lenexa Ks. 66219.

## RELIEF DEMANDED

Wherefore premises considered Plaintiff Jose F. Olivares is justly entitled to the

9

relief based upon claims as follows

1.  Performance Contracting Group deposit into the registry of this Court sufficient

funds for training and employment by any other Employer for up to 250 weeks, as

not prohibited by law.

2. Actual damages for CR England's wrongful termination after Plaintiff reported a

workplace injury as aggravation to his left shoulder as well as injured right leg, as

to their outrageous conduct which should not be tolerated in civilized society.

3.  Jury demand for all issues presented, by either party.

4. All further relief

Respectfully submitted

April 15th 2021
Dated

/s Jose F. Olivares
2581 International Dr. 1220C
Ypsilanti, MI. 48197

Proof of Service

I, hereby certify these documents were served on the parties by placing the same in a USPS Certified mail Postage fully prepaid envelope Return Receipt #

7016 3010 0000 7776 2755     RR# 9590 9402 4501 8278 0460 72

and depositing with the U.S.P.S. on 4/20/2021

By: Jeffrey Holt, Notary Public.

10