FILED
2022 APR 12
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| JOSE F. OLIVARES,<br><br>　　　　Plaintiff,<br>v.<br><br>C.R. ENGLAND, INC. and PERFORMANCE CONTRACTING GROUP, INC.,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00123-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Jose F. Olivares's ("Mr. Olivares") Motion to Transfer by Federal Rule of Civil Procedure 12(b)(2).[2] On March 24, 2022, Defendant C.R. England, Inc. ("CRE") filed its opposition to the motion.[3] On March 30, 2022, Mr. Olivares

---

[1] ECF No. 33.

[2] ECF No. 32. Mr. Olivares filed two separate motions to transfer on February 24, 2022. *See* ECF No. 31 (filed at 8:11 a.m.) and ECF No. 32 (filed at 11:09 a.m.). Both motions request the same relief and make the same substantive arguments. However, ECF No. 32 contains everything from the initial motion, adds some new allegations to the "Grounds and Authorities" section, and attaches an "Affidavit of Jose F. Olivares." Accordingly, the court construes ECF No. 32 as an amended motion to transfer, rendering ECF No. 31 moot.

[3] ECF No. 38.

submitted his Reply.[4] Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, makes the following recommendation based the court's careful review of the parties' written memoranda. For the reasons set forth below, the court respectfully recommends that Mr. Olivares's motion to transfer be DENIED.

## BACKGROUND

Mr. Olivares commenced this action against his former employer, CRE, in Wayne County Circuit Court in Michigan.[5] CRE then removed the action to the United States District Court for the Eastern District of Michigan based on diversity jurisdiction.[6] After removing the case to federal court, CRE moved, pursuant to 28 U.S.C. § 1404(a), to transfer the lawsuit from the Eastern District of Michigan to the District of Utah based on a forum selection clause contained in the employment agreement between the parties.[7] The forum selection clause provides, in pertinent part, as follows:

> [A]ny and all claims or disputes between the parties arising from or related to individual's employment with Company or any pre-employment or post-employment interactions between the parties shall be adjudicated exclusively in Federal or State court located in Salt Lake City, Utah. *Individual hereby consents to personal jurisdiction and venue in such courts.*[8]

---

[4] ECF No. 39.

[5] ECF No. 27 at 3.

[6] *Id.*

[7] *Id.*

[8] ECF No. 6-2 at 8 (emphasis added).

After CRE's motion to transfer venue was fully briefed,[9] Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation.[10] Magistrate Judge Stafford found that the forum selection clause was a properly executed agreement between the parties and that Mr. Olivares had failed to show that this was one of those "most unusual cases" in which the forum selection clause should not control.[11] Accordingly, the magistrate judge recommended that CRE's motion to transfer be granted. Mr. Olivares then filed objections to the Report and Recommendation. The objections were also fully briefed by the parties.[12]

On February 22, 2022, District Judge Mark A. Goldsmith issued a written Opinion and Order that overruled Mr. Olivares's objections, accepted the magistrate judge's recommendation, and granted CRE's motion to transfer venue.[13] After concluding that Mr. Olivares was bound by the agreement he signed, Judge Goldsmith considered the following factors to determine whether the forum selection clause should be enforced in this case:

> (i) whether the clause was obtained by fraud, duress, or other unconscionable means; (ii) whether the designated forum would "ineffectively or unfairly handle the suit"; and (iii) whether the

---

[9] The briefing included: CRE's motion to transfer (ECF No. 6), Mr. Olivares's response (ECF No. 9), CRE's reply (ECF No. 7). Mr. Olivares's second response (ECF No. 8) was stricken.

[10] ECF No. 23.

[11] *Id.* 2-4.

[12] The briefing included: Mr. Olivares's objections (ECF No. 24), CRE's response to objection (ECF No. 25), and Mr. Olivares's rebuttal to CRE's response (ECF No. 26).

[13] ECF No. 27.

designated forum is "so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust."[14]

Judge Goldsmith also reiterated that "'[a] forum selection clause should be upheld absent a strong showing that it should be set aside,' and the person challenging it has the burden of showing it should not be enforced."[15] After considering these factors, the court found that Mr. Olivares failed to provide any "cogent reason for invalidating an agreement executed by himself and his apparent employer."[16] The court also determined that Mr. Olivares did not present any public policy interest factors that would favor non-enforcement of the forum selection clause. Therefore, the court found that the forum selection clause was controlling and granted CRE's motion to transfer.

That same day, February 22, 2022, the Eastern District of Michigan transferred the case to this court.[17] Two days later, on February 24, 2022, Mr. Olivares filed the present motion asking this court to transfer the case back to the Eastern District of Michigan. Mr. Olivares's motion is filed pursuant to Fed. R. Civ. P. 12(b)(2). He asserts that the case should be transferred back to the Eastern District of Michigan because this court lacks personal jurisdiction over him. Specifically, he contends that "he has never been to Utah, and does not have any minimal

---

[14] ECF No. 27 at 5-6 (quoting *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)).

[15] *Id.* at 5 (quoting *Wong*, 589 F.3d at 828).

[16] *Id.* at 6.

[17] ECF No. 28.

contacts with the State of Utah."[18] He states that "[t]here is no relationship between Plaintiff and [CRE] which would provide the Court with specific personal jurisdiction"[19] and therefore the case should be transferred back to the Eastern District of Michigan.[20] For the reasons set forth below, Mr. Olivares's motion should be denied.

## ANALYSIS

Mr. Olivares's motion should be denied because of the law of the case doctrine and, in any event, because his motion fails on its merits. First, the Eastern District of Michigan has already determined that Utah is the proper forum for this action and, consistent with the legal doctrine of law of the case, this court should not revisit the Michigan court's ruling. Second, Mr. Olivares's claim that this court lacks personal jurisdiction over him would fail, in any event, because Mr. Olivares consented to jurisdiction in this forum when he agreed to the forum selection clause. Both issues are discussed in greater detail below.

<u>Law of the Case Principles</u>

Mr. Olivares's motion to transfer should be denied because the Eastern District of Michigan has already considered this issue and concluded that the District of Utah was the proper forum. After thorough and complete briefing on CRE's motion to transfer, Magistrate Judge Stafford issued a Report and Recommendation that Mr. Olivares's case be transferred to

---

[18] ECF No. 32 at 1.

[19] *Id.*

[20] *Id.* at 2.

the District of Utah. Mr. Olivares objected to the Report and Recommendation and after another cycle of briefing Judge Goldsmith issued a written Opinion and Order overruling Mr. Olivares's objections, adopting the magistrate judge's recommendation, and transferring the case to District of Utah.

Mr. Olivares's pending motion, though phrased in terms of personal jurisdiction, asks this court to reverse Judge Goldsmith's ruling. It is well-established that "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, *including the transfer order*."[21] Because Judge Goldsmith already concluded that Mr. Olivares's case should be transferred to Utah, this court, applying traditional principles of law of the case, should refrain from reevaluating the Michigan court's decision. Therefore, Mr. Olivares's motion to transfer should be denied on this basis alone.

<u>Waiver of Personal Jurisdiction</u>

Procedural issues aside,[22] Mr. Olivares's motion fails on the merits because he submitted to personal jurisdiction when he agreed to the forum selection clause. Generally, to establish

---

[21] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 ( 10th Cir. 1991) (emphasis added).

[22] Mr. Olivares's motion, filed pursuant to Rule 12(b)(2), seeks to have this case transferred to the Eastern District of Michigan on the basis that this court lacks personal jurisdiction over him. However, Rule 12(b)(2) does not provide a means for transferring a case; it provides a defense to a claim for relief when there is a defect in the court's personal jurisdiction over a party. Simply put, when a Rule 12(b)(2) motion is granted, the case is not transferred, it is dismissed. As the plaintiff in this action, Mr. Olivares's reliance on Rule 12(b)(2) is unusual and precarious. However, as explained in text, because Mr. Olivares waived personal jurisdiction, these procedural abnormalities are ultimately irrelevant.

personal jurisdiction over a foreign litigant, a party "must make two showings: first, that the exercise of jurisdiction is sanctioned by the state's long-arm statute; and second, that it comports with the due process requirements of the Fourteenth Amendment."[23] Because Utah's long-arm statute grants jurisdiction to the fullest extent of the Due Process Clause, the analysis collapses into a due-process inquiry.[24] To comport with due process: (1) the party must have "minimum contacts with the forum state, demonstrating that he purposefully availed himself of the protections or benefits of the state's laws and should reasonably anticipate being haled into court there;"[25] and (2) the court must "ensur[e] that the exercise of jurisdiction . . . does not offend traditional notions of fair play and substantial justice."[26]

However, the United States Supreme Court has recognized that "because the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of [a] court."[27] Parties to a contract may agree in advance to waive personal jurisdiction in a particular forum through a forum selection clause.[28] And, when parties agree to waive personal jurisdiction, "there is no

---

[23] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (citation omitted).

[24] *XMission, L.C. v. Fluent LLC,* 955 F.3d 833, 839 (10th Cir. 2020).

[25] *Marcus Food*, 671 F.3d at 1166 (internal quotations and citations omitted).

[26] *Id.* at 1167 (internal quotations and citations omitted).

[27] *Burger King Corp. v. Rudzewics*, 471 U.S. 462, 473 n.14 (1985) (internal quotation marks omitted).

[28] *Id.* (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)); *Colt Builders Corp. v. Maille*, 2:18-cv-861, 2019 WL 720707, at *2 (D. Utah Feb. 20, 2019) ("It is well-

need to analyze the forum's long-arm statute or the party's contacts with the forum state."[29] Simply put, a party's agreement to the terms of a forum selection clause "makes the due process minimum contacts analysis irrelevant."[30]

When a party has waived personal jurisdiction in a particular forum through a forum selection clause, as Mr. Olivares has done here, the terms of the forum selection clause must be enforced "unless the party challenging it 'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or

---

established that a party may consent to personal jurisdiction by agreeing to a forum selection clause.").

[29] *Colt Builders Corp.*, 2019 WL 720707, at *2; *see also Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 523 (D. Kan. 1995) (providing that where parties have consented to personal jurisdiction in a particular forum, "application of a forum's long-arm statute and analysis of a party's contacts with the forum state are unnecessary").

[30] *Health Grades, Inc. v. Hamot Med. Ctr.*, 5-cv-2163, 2006 WL 8454634, at *2 (D. Colo. Feb. 27, 2006) (citing *Burger King*, 471 U.S. at 472 n.14 ("Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process.")).

.

overreaching."[31] This standard applies to both negotiated contracts and form contracts,[32] and it has routinely been applied to "click-wrap" agreements found on websites, so long as the user was required to affirmatively indicate agreement with the terms of the contract.[33] The party seeking to avoid a forum selection clause bears the heavy burden of showing that enforcement is "unreasonable."[34]

  Mr. Olivares has failed to meet this heavy burden. He does not argue that enforcement of the forum selection clause would be unreasonable, unjust under the circumstances, that it was procured by fraud, or is overreaching. Instead, he alleges only that he is not a resident of Utah, he

---

[31] *Nieme v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (alteration in original) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)); *Health Grades, Inc.*, 2006 WL 8454634, at *2 ("[T]he factors to be assessed when considering whether the assumption of personal jurisdiction offends traditional notions of fair play and substantial justice . . . are not helpful when a party has consented to jurisdiction. In the latter circumstances, the terms of the contract can be avoided only by showing that the inconvenience of the chosen forum is so serious that the party will effectively be deprived of its day in court by being forced to litigate there."); *Colt Builders Corp.*, 2019 WL 720707, at *2 ("The United States Supreme Court has held that forum selection clauses are 'prima facie' valid and should be enforced unless they are unjust or unreasonable under the circumstances.").

[32] *Health Grades, Inc.*, 2006 WL 8454634, at *2 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) ("Forum-selection clauses in form passage contracts are subject to judicial scrutiny for fundamental fairness.")).

[33] *Id.* at *3 (listing cases in which courts have upheld the validity of forum selection clauses in "click-wrap" agreements so long as the website user was required to affirmatively indicate agreement to contract terms by clicking on button stating "I Agree" or "Yes").

[34] *M/S Bremen*, 407 U.S. at 10, 16-17 (providing that forum selection clauses are *prima facie* valid and the party seeking to avoid the agreement bears a heavy burden of showing that enforcement is "unreasonable"); *see also Colt Builders Corp.*, 2019 WL 720707, at *2; *Health Grades, Inc.*, 2006 WL 8454634, at *2 ("Forum selection clauses are *prima facie* valid, and a party contesting that presumption bears a heavy burden of proof); *see, e.g., Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir. 1997).

has never been to Utah, and he does not have minimum contacts with Utah.[35] Mr. Olivares's arguments ignore the fact that he waived his right to contest personal jurisdiction in Utah.[36] Because Mr. Olivares consented to the jurisdiction of this forum when he agreed to the forum selection clause, and because Mr. Olivares has not satisfied his burden to show that enforcement of the forum selection clause would be unreasonable or unjust under the circumstances, his motion should be denied.

## CONCLUSION & RECOMMENDATION

Based on the foregoing, the court respectfully recommends that Mr. Olivares's Amended Motion to Transfer, ECF No. 32, be DENIED. The court further recommends that ECF No. 31 be terminated as MOOT.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[37] The parties must file any objection to this Report and

---

[35] ECF No. 32 at 1.

[36] *See, e.g., Pro. Bull Riders, LLC v. Perfect Blend Int'l, LLC,* 14-cv-03510, 2016 WL 54115, at \*2 (D. Colo. Jan. 5, 2016); *Health Grades, Inc.,* 2006 WL 8454634, at \*2 ("Although undoubtedly it would be more convenient for defendant to litigate this case in Pennsylvania, that fact alone is insufficient to invalidate the forum selection clause."). This is essentially the same burden Mr. Olivares failed to satisfy before the Eastern District of Michigan which resulted in the court granting CRE's motion to transfer venue. See ECF No. 23 at 2-4; ECF No. 27 at 5-6.

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Recommendation within 14 days after being served with a copy of it.[38] Failure to object may constitute waiver of objections upon subsequent review.

DATED April 12, 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[38] *Id.*