IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSE F. OLIVARES, <br><br> Plaintiff, <br><br> v. <br><br> C.R. ENGLAND, INC. and PERFORMANCE CONTRACTING GROUP, INC., <br><br> Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 2:22-cv-00123-JNP-JCB <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

Before the court is plaintiff Jose F. Olivares's objection to Magistrate Judge Jared C. Bennett's Report and Recommendation to deny Olivares's motion to transfer (ECF Nos. 31 and 32). ECF No. 41. For the reasons presented herein, the court overrules Olivares's objection and adopts in full Judge Bennett's Report and Recommendation.

## BACKGROUND

Olivares, proceeding pro se, sued defendants C.R. England, Inc. ("C.R. England") and Performance Contracting Group, Inc. ("Performance Contracting") (collectively, "Defendants") for "wrongful termination and damages based on the Michigan's Worker's Disability Compensation Act of 1969" in Wayne County Circuit Court in Michigan. *See* ECF No. 27 at 2. C.R. England removed the case to the United States District Court for the Eastern District of Michigan based on diversity jurisdiction, and then C.R. England moved, pursuant to 28 U.S.C. § 1404(a), to transfer the lawsuit from the Eastern District of Michigan to the District of Utah based on a forum selection clause contained in the employment agreement between the parties. The forum selection clause provides, in pertinent part, that "any and all claims or disputes between the Parties arising from or related to Individual's employment with Company or any

1

pre-employment or post-employment interactions between the Parties shall be filed and adjudicated *exclusively* in a Federal or State court located in *Salt Lake City, Utah*. *Individual hereby consents to personal jurisdiction and venue in such courts*." ECF No. 6-2 at 8 (emphasis added). Olivares signed the employment contract that contained this provision.

On February 22, 2022, United States District Judge Mark A. Goldsmith of the Eastern District of Michigan granted C.R. England's motion to transfer venue. ECF No. 27. That same day, the Eastern District of Michigan transferred the case to this court. Two days later, on February 24, 2022, Olivares filed two motions requesting that the court transfer his case back to the Eastern District of Michigan because, according to Olivares, this court lacks personal jurisdiction over him. The court referred the case to Judge Bennett pursuant to 28 U.S.C. § 636(b)(1)(B), ECF No. 33, and, on April 12, 2022, Judge Bennett issued a Report and Recommendation that Olivares's motions should be denied "because of the law of the case doctrine and, in any event, because his motion fails on its merits." ECF No. 40 at 5. Judge Bennett informed Olivares that he had 14 days to object to the Report and Recommendation. Olivares filed a timely objection on April 20, 2022.

## LEGAL STANDARD

"The court reviews de novo the parts of the report and recommendation to which a party has properly objected." *Sandoval v. Saul*, No. 2:18-cv-294-RJS-EJF, 2020 U.S. Dist. LEXIS 90627, at *7 (D. Utah May 22, 2020); *see* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## ANALYSIS

Olivares objects to Judge Bennett's Report and Recommendation for several reasons. First, Olivares asserts that his assent to the forum selection clause did not waive personal jurisdiction. Second, Olivares contends that Judge Bennett's "reliance on Utah's long arm statute is misplaced." ECF No. 41 at 3. Third, Olivares states that "[t]he law of the case doctrine is not applicable." *Id.* at 9. Fourth, Olivares argues that the forum selection clause is inapplicable in this case because the clause applies only to employment disputes and "[a] wrongful termination is not just an employment issue." *Id.* at 15. The court first addresses Olivares's first, second, and fourth arguments together before turning to Olivares's third argument. The court concludes that Olivares's arguments lack merit.

I.  **Personal Jurisdiction**

"A court may bring a [party] into court only where it can exert personal jurisdiction. Personal jurisdiction over an out-of-state [party] is appropriate if Utah's long-arm statute permits the assertion of jurisdiction without violating federal due process. Because Utah's long arm statute extends to the limits of the federal due process clause, the inquiry is simply whether exercising jurisdiction over [a party] comports with federal due process." *iAccess, Inc. v. WEBcard Techs., Inc.*, 182 F. Supp. 2d 1183, 1185–86 (D. Utah 2002) (internal citations omitted). "It is well settled that a party can consent to the personal jurisdiction of a court. Because personal jurisdiction is based on individual liberty interests protected by the due process clause, unlike subject matter jurisdiction, it can be waived by a party's express or implied consent to jurisdiction. The use of a forum selection clause is an example of an express consent to personal jurisdiction." *Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999) (internal citations omitted); *see also Pure Energy Club, LLC v. Williams*, No. 1:10-CV-74 TS, 2011 U.S. Dist. LEXIS 70370, at *8 (D. Utah June 28, 2011) ("A party may

consent to personal jurisdiction and venue by agreeing to a forum selection clause contained in a contract.").

Olivares appears to argue that the court does not have personal jurisdiction over him because the employment agreement "clearly does not state that Plaintiff waived personal jurisdiction" and Defendants have failed to demonstrate "that Plaintiff has had any contact with Utah." *See* ECF No. 41 at 1–2. The court disagrees.

First, the language of the forum selection clause made clear that, by agreeing to it, Olivares was consenting to the exercise of personal jurisdiction by Utah courts over him with respect to "any and all claims or disputes between [Olivares and C.R. England] arising from or related to [Olivares's] employment with [C.R. England]." *See* ECF No. 6-2 at 8. Indeed, the forum selection clause explicitly stated that such claims or disputes "*shall* be filed and adjudicated *exclusively* in a Federal or State court *located in Salt Lake City, Utah*. [Olivares] hereby *consents to personal jurisdiction and venue in such courts.*" *Id.* (emphasis added). It would be challenging to draft clearer language to express that, by agreeing to the employment contract, Olivares consented to personal jurisdiction in Utah courts and waived any objection to such courts' exercise of personal jurisdiction over him. Because Olivares does not contend that the forum-selection clause is unreasonable, unjust, or resulted from fraud or duress—and, in fact, states that he "knew what he was signing," ECF No. 41 at 2—the court concludes that, by consenting to this court's jurisdiction, Olivares waived any objection to this court's exercise of personal jurisdiction over him.[1] Thus, this court has personal jurisdiction over Olivares even if he

---

[1] *See TigerGraph, Inc. v. Peak*, No. 20-cv-05489-PJH, 2020 U.S. Dist. LEXIS 195662, at *7–8 (N.D. Cal. Oct. 21, 2020) ("A valid forum-selection clause operates as consent to a court's personal jurisdiction. As explained by the Supreme Court: 'because the personal jurisdiction requirement is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." For example,

has had no other contacts with the state of Utah. *See Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 333 (S.D.N.Y. 2005) ("A valid forum selection clause establishes sufficient contacts with New York for purposes of jurisdiction and venue.").

Furthermore, the court has personal jurisdiction over Olivares because the case at issue is covered by the forum selection clause. Specifically, although Olivares asserts that the forum selection clause does not cover this dispute because the clause only covers employment disputes and "[a] wrongful termination is not just an employment issue," *see* ECF No. 41 at 15, Olivares, at a minimum, misreads the forum selection clause. In particular, the forum selection clause explicitly states that it covers "any and all claims or disputes between the Parties *arising from or related to* Individual's employment with Company." ECF No. 6-2 at 8 (emphasis added). There can be no genuine dispute that a wrongful termination claim *arises from or relates to* Olivares's employment with C.R. England. In fact, Olivares, perhaps unintentionally, concedes as much when he states, "Defendant's ANSWER tells the Court this has NOTHING TO DO WITH EMPLOYMENT, BUT WITH AN INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT." ECF No. 41 at 16. Therefore, the forum selection clause applies to the instant action and, in turn, the court has personal jurisdiction over Olivares.[2]

---

particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Where such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," their enforcement does not offend due process.'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)).

[2] Olivares also objects that "[t]he Magistrate's reliance on Utah's long arm statute is misplaced. A forum selection clause must demonstrate the exclusive limited jurisdiction." ECF No. 41 at 3. It is unclear to the court what Olivares means by these statements. However, because, as discussed in the main text, the court's exercise of specific personal jurisdiction over Olivares pursuant to the forum selection clause does not offend due process, *see Burger King*, 471 U.S. at 472 n.14, it is also permissible under Utah's long arm statute, *see Olseth v. Larson*, 158 P.3d 532, 535 (Utah 2007) ("The long-arm provisions apply 'so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment to the

## II.     Law of the Case

Olivares objects to Judge Bennett's conclusion that Olivares's motions to transfer should be denied because of the law of the case doctrine. Judge Bennett determined that because "Judge Goldsmith already concluded that Mr. Olivares's case should be transferred to Utah, this court, applying traditional principles of law of the case, should refrain from reevaluating the Michigan court's decision." ECF No. 40 at 6. In response, Olivares simply contends that "[t]he law of the case doctrine is not applicable." ECF No. 41 at 9. The court disagrees.

As Judge Bennett's Report and Recommendation makes clear, "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, *including its transfer order*." *See* ECF No. 40 at 6 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (emphasis added)). In fact, Olivares's objection concedes as much. *See* ECF No. 41 at 10 ("[U]pon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court."). Because Olivares does not appear to contend—and certainly has not demonstrated—that the governing law has changed since Judge Goldsmith issued the transfer order, that new evidence has become available, or that reevaluation is necessary to correct clear error or prevent manifest injustice, the court concludes that the law of the case doctrine applies here and, accordingly, declines to reevaluate Judge Goldsmith's transfer order. *See Chrysler Credit*, 928 F.2d at 1516 (explaining

---

United States Constitution.'" (quoting UTAH CODE § 78-27-22)). Moreover, Olivares should have originally brought his complaint in Utah state or federal court because the language in the forum selection clause—"any and all claims . . . shall be filed and adjudicated *exclusively* in a Federal or State court located in Salt Lake City, Utah," ECF No. 6-2 at 8 (emphasis added)—rendered it mandatory. *See Waste Servs., LLC v. Red Oak Sanitation, Inc.*, No. 2:08-cv-417-DS, 2008 U.S. Dist. LEXIS 57853, at *3 (D. Utah July 23, 2008) ("[M]andatory forum selection clauses contain language that is exclusive, using such terms as 'only,' 'sole,' or 'exclusive.'").

that circumstances that would permit reconsideration of a prior ruling from a transferor court are "when the governing law has been changed by the subsequent decision of a higher court, when new evidence becomes available, [and] when a clear error has been committed or to prevent manifest injustice" (internal citations omitted)).

## CONCLUSION AND ORDER

Accordingly, the court ORDERS as follows:

1. Olivares's objection (ECF No. 41) is OVERRULED.

2. The Report and Recommendation (ECF No. 40) is ADOPTED IN FULL.

3. Olivares's motions to transfer this case back to the Eastern District of Michigan (ECF Nos. 31 and 32) are DENIED.

Signed July 29, 2022

BY THE COURT

_____
Jill N. Parrish

United States District Court Judge